UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JASMINE BULGER, on Behalf of Herself                    Case No.:
and All Others Similarly Situated,

       Plaintiffs,    **COLLECTIVE AND CLASS**
   -vs-          **ACTION COMPLAINT**
               **WITH JURY DEMAND**

LUCHARITOS CENTER MORICHES, INC.
d/b/a LUCHARITOS, LUCHARITOS NATIONAL, LLC.
d/b/a LUCHARITOS, LUCHARITOS BURRITO BAR,
INC., d/b/a LUCHARITOS, BUTTA CAKES INC.
d/b/a LUCHARITOS, JENNIFER LAMAINA,
and MARC LAMAINA,

        Defendants.
---------------------------------------------------------------X

   Plaintiff, JASMINE BULGER, (hereinafter "Plaintiff"), on behalf of herself and all others

similarly situated (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs") by and through

her attorneys, THE LAW OFFICES OF WILLIAM CAFARO, as and for her Complaint against

LUCHARITOS CENTER MORICHES, INC ("Center Moriches Loc") LUCHARITOS

NATIONAL, LLC. ("Lucharitos National") LUCHARITOS BURRITO BAR, INC. ("Lucharitos

Burrito Bar"), BUTTA CAKES INC. ("Greenport Loc"), JENNIFER LAMAINA ("Jennifer

Lamaina") and MARC LAMAINA ("Marc Lamaina") (together as "Defendants"), allege upon

knowledge as to herself and her own actions and upon information and belief as to all other matters

as follows:

## NATURE OF CASE

   1.  This is a civil action for damages and equitable relief based upon Defendants'

flagrant and willful violations of Plaintiff's rights guaranteed to him by: (i) the overtime wage

provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*; (ii) the minimum

1

wage provisions of the New York Labor Law ("NYLL"), Article 19, §§ 650 *et seq.*; (iii) the overtime provisions of NYLL § 160 and the corresponding N.Y. Comp. Codes R. & Regs ("NYCCRR"); (iv) the spread of hours requirement under the NYLL, Article 19, § § 650 et seq., and NYCCRR; (v) the anti-tip theft provisions of the NYLL; (vi) the requirement that employers furnish employees with wage statements on each payday containing specific categories of information under the NYLL § 195(3); (vii) the requirement that employers furnish employees with a wage notice at the time of hiring containing specific categories of accurate information, NYLL § 195(1); (viii) the anti-retaliation provisions of the FLSA, 29 U.S.C. § 215(a); (ix) the anti-retaliation provisions of the NYLL, NYLL § 215(1); and (x) any other claim(s) that can be inferred from the facts set forth herein.

2.      Plaintiff worked for Defendants - - a restaurant and its owner/manager - - as a server and a bartender from on or about October 1, 2021 to on or about April 20, 2023.  Throughout her employment, Defendants failed to pay Plaintiff at the statutory minimum wage or overtime rate of pay of one and one-half times her regular rate of pay for each hour that Plaintiff worked per week in excess of forty, as the FLSA and the NYLL require.  Furthermore, Defendants failed to pay Plaintiffs for his spread of hours in violation of NYLL.  Defendants also required Ms. Bulger to share tips with members of management and/or non-tipped employees. Lastly, Defendants failed to furnish Plaintiff with accurate and/or complete wage statements on each payday as the NYLL requires or provide Plaintiff with a wage notice containing the criteria enumerated under the NYLL.

3.      Defendants paid and treated all their front of the house employees who worked for them in the same manner.

4.    Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of herself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' willful violations of the FLSA.  Plaintiff also brings her claims under the NYLL and its implementing regulations on behalf of herself, individually, and on behalf of any FLSA Plaintiff who opts into this action.

5.    Plaintiff brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of herself, individually, and on behalf of all other persons similarly situated during the applicable NYLL limitations period who suffered damages as a result of the Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

5.    Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*.  Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367, which confers supplemental jurisdiction on this Court for claims arising under New York law.

6.    Venue is based upon 28 U.S.C. § 1391(b)(1), insofar as at least one of the Defendants resides within this Judicial District, and (b)(2), insofar as a substantial part of the events giving rise to the within causes of action occurred in this Judicial District.

## PARTIES

7.    At all relevant times, Plaintiff is a resident of the State of New York, resides in Suffolk County, and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCCRR.

3

8.      At all relevant times herein, Center Moriches Loc was and is a domestic business corporation with its principal place of business located at 119 Main Street, Greenport, NY 11944.

9.      At all relevant times herein, Lucharitos National was and is a domestic business corporation with its principal place of business located at 8 Mystic Ct., Riverhead, NY 11901.

10.     At all relevant times herein, Lucharitos Burrito Bar was and is a domestic business corporation with its principal place of business located at 8 Mystic Ct., Riverhead, NY 11901.

11.     At all relevant times herein, Greenport Loc was and is a domestic business corporation with its principal place of business located at 119 Main Street, Greenport, NY 11944.

12.     At all relevant times herein, Defendant Jennifer Lamaina was a resident of the State of New York and had an actual place of business located at 119 Main Street, Greenport, NY 11944.

13.     At all relevant times herein, Defendant Jennifer Lamaina was the president, and/or owner, and/or day-to-day overseer of Center Moriches Loc, Lucharitos National, Lucharitos Burrito Bar, and Greenport Loc.  As such, Jennifer Lamaina was responsible for hiring and firing employees, determining their rates and methods of pay and the hours that employees were required to work.

14.     Defendant Jennifer Lamaina owns more than ten percent of the beneficial interest of Center Moriches Loc, Lucharitos National, Lucharitos Burrito Bar, and Greenport Loc.

15.     At all relevant times herein, Defendant Marc Lamaina was a resident of the State of New York and had an actual place of business located at 119 Main Street, Greenport, NY 11944.

16.     At all relevant times herein, Defendant Marc Lamaina was the president, and/or owner, and/or day-to-day overseer of Center Moriches Loc, Lucharitos National, Lucharitos Burrito Bar, and Greenport Loc.  As such, Marc Lamaina was responsible for hiring and firing

employees, determining their rates and methods of pay and the hours that employees were required to work.

17.    Defendant Marc Lamaina owns more than ten percent of the beneficial interest of Center Moriches Loc, Lucharitos National, Lucharitos Burrito Bar, and Greenport Loc.

18.    At all relevant times herein, Defendants were "employers" within the meaning of the FLSA, NYLL, and the NYCCRR.

19.    Upon information and belief, for the calendar year 2020 the gross receipts of Center Moriches Loc were not less than $500,000.00.

20.    Upon information and belief, for the calendar year 2021 the gross receipts of Center Moriches Loc were not less than $500,000.00.

21.    Upon information and belief, for the calendar year 2022 the gross receipts of Center Moriches Loc were not less than $500,000.00.

22.    Upon information and belief, for the calendar year 2023 the gross receipts of Center Moriches Loc will not be less than $500,000.00.

23.    Upon information and belief, for the calendar year 2020 the gross receipts of Lucharitos National were not less than $500,000.00.

24.    Upon information and belief, for the calendar year 2021 the gross receipts of Lucharitos National were not less than $500,000.00.

25.    Upon information and belief, for the calendar year 2022 the gross receipts of Lucharitos National were not less than $500,000.00.

26.    Upon information and belief, for the calendar year 2023 the gross receipts of Lucharitos National will not be less than $500,000.00.

27.    Upon information and belief, for the calendar year 2020 the gross receipts of Lucharitos Burrito Bar were not less than $500,000.00.

28.    Upon information and belief, for the calendar year 2021 the gross receipts of Lucharitos Burrito Bar were not less than $500,000.00.

29.    Upon information and belief, for the calendar year 2022 the gross receipts of Lucharitos Burrito Bar were not less than $500,000.00.

30.    Upon information and belief, for the calendar year 2023 the gross receipts of Lucharitos Burrito Bar will not be less than $500,000.00.

31.    Upon information and belief, for the calendar year 2020 the gross receipts of Greenport Loc were not less than $500,000.00.

32.    Upon information and belief, for the calendar year 2021 the gross receipts of Greenport Loc were not less than $500,000.00.

33.    Upon information and belief, for the calendar year 2022 the gross receipts of Greenport Loc were not less than $500,000.00.

34.    Upon information and belief, for the calendar year 2023 the gross receipts of Greenport Loc will not be less than $500,000.00.

35.    Defendants were engaged in interstate commerce within the meaning of the FLSA as they used supplies in the course of business, much of which originated in states other than New York, the combination of which subjects Defendant to the FLSA's overtime requirements as an enterprise.

36.    Furthermore, all of Defendants' employees, including Plaintiff, and the FLSA Plaintiffs were individually engaged in interstate commerce as they frequently used goods that have been, and continue to be, moved in interstate commerce.  This independently subjects

6

Defendants to the overtime wage requirements of the FLSA with respect to Plaintiffs and the FLSA Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

37.     Plaintiff seeks to bring this suit to recover from Defendants her full payment of all unpaid overtime compensation and liquidated damages under the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on her own behalf, as well as on behalf of those in the following collective:

> Current and former employees of Defendants who, during the applicable FLSA limitations period, performed any work for Defendants as non-managerial front of the house employees (including, but not limited to, servers, server assistants, back waiters, bussers, runners, bartenders, and barbacks) who give consent to file a claim to recover damages for overtime compensation that is legally due to them for time worked in excess of forty hours per week ("FLSA Plaintiffs").

38.     Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours each workweek; (5) were not paid the required minimum wage rate; and (6) were not paid the required rate of one and one-half times their respective regular rates of pay for all hours worked over forty in a workweek.

39.     At all relevant times, Defendants were aware of the requirement to pay Plaintiff and all FLSA Plaintiffs at an amount equal to one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet Defendants purposefully chose not to do so.  Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

40.    In addition, Plaintiff seeks to maintain this action as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23(b)(3), on her own behalf, individually, as well on behalf of those who are similarly-situated who the Defendants subjected to violations of the NYLL and the NYCCRR during the applicable statutory period.

41.    Under FRCP 23(b)(3), a plaintiff must plead that:

a. The class is so numerous that joinder is impracticable;

b. There are questions of law or fact common to the class that

predominate over any individual questions of law or fact;

c. Claims or defenses of the representative are typical of the class;

d. The representative will fairly and adequately protect the class; and,

e. A class action is superior to other methods of adjudication.

42.    The Rule 23 Class that Plaintiffs seek to define includes:

Current and former front of the house employees (including, but not limited to, servers, server assistants, back waiters, bussers, runners, bartenders, and barbacks) of Defendants who, during the applicable NYLL limitations period, performed work for the Defendants ("Rule 23 Plaintiffs").

### Numerosity

43.    During the previous six years, Defendants have employed, in total, at least fifty employees that are putative members of this class.

### Common Questions of Law and/or Fact

44.    There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff, including but not limited to the following: the duties that the Defendants

required and require each Rule 23 Plaintiff to perform; whether the Defendants required and require each Rule 23 Plaintiff to work in excess of forty hours per week; whether the Defendants compensated and compensate the Rule 23 Plaintiffs at the legally-mandated rate of one and one half times their respective straight-time rates of pay for all hours worked per week over forty; whether the Defendants required Plaintiff to share tips with those who were not eligible to be part of a tip pool; whether the Rule 23 Plaintiffs worked non-tipped tasks for over two hours per shift and/or for more than 20% of their shift; whether the Defendants furnished and furnish the Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by N.Y. Lab. Law § 195(3); whether the Defendants kept and maintained records with respect to each hour that the Rule 23 Plaintiffs worked; whether the Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; whether the Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; whether the Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and supporting regulations; if so, whether the Defendants' violations were in willful violation of the NYLL and supporting regulations; and if so, what constitutes the proper measure of damages.

### Typicality of Claims and/or Defenses

45.     As described in the background facts section below, Defendants, despite the title that it assigned to Plaintiffs, employed Plaintiffs as non-managerial, non-exempt employees. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom she seeks to represent, as the Rule 23 Plaintiffs work, and/or have worked for Defendants in excess of forty hours per week, as non-managerial employees, Defendants failed to pay Plaintiffs overtime and the statutorily required minimum wage. Plaintiffs and the Rule 23 Plaintiffs enjoy the same statutory

rights under the NYLL to be paid at a rate of one and one-half times their straight time rates for all hours worked per week in excess of forty, to be paid the minimum wage, to be paid for all hours worked, to be paid an extra hour at the minimum wage rate where their spread of hours exceeded 10 hours, and to be furnished with accurate wage statements.  Plaintiffs and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and supporting regulations.  Plaintiffs and the Rule 23 Plaintiffs have all suffered injury, including lack of compensation or under-compensation, due to Defendants' common policies, practices, and patterns of conduct.  Thus, Plaintiffs' claims and/ or the Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendants' defenses to those claims.

## **Adequacy**

46.     Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout her employment with Defendants. The Defendants did not pay Plaintiff overtime pay for hours worked over forty each week and did not pay Plaintiff the statutorily required minimum wage and did not pay spread of hours pay.  Plaintiff fully anticipates testifying under oath as to all of the matters raised in this Complaint and that will be raised in the Defendants' Answer. Thus, Plaintiff would properly and adequately represent the current and former employees whom the Defendants have subjected to the treatment alleged herein.

## **Superiority**

47.     Plaintiff has no, or few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

48.    Any lawsuit brought by an employee of the Defendants for the same violations alleged herein would be identical to a suit brought by any other employee for the same violations. Thus, separate litigation would risk inconsistent results.

49.    Accordingly, this means of protecting the Rule 23 Plaintiffs' rights is superior to any other method, and this matter is properly maintainable as a Class Action under FRCP 23(b)(3).

50.    Additionally, Plaintiffs' counsel has substantial experience in this field of law.


## BACKGROUND FACTS

**Interrelationship Between the Entity Defendants**

51.    At all times herein pertinent, the Defendants, and each of them, were engaged in an industry having an affect on commerce within the meaning of 29 U.S.C. § 203.  Specifically, Defendants own and operate four Tex-Mex restaurants on Long Island, New York.

52.    The Entity Defendants operate as a single integrated enterprise in that they are engaged in related activities, share common ownership, and have a common business purpose.

53.    The Entity Defendants are commonly owned and operated by the Individual Defendants in this action.

54.    The Entity Defendants have the same corporate leadership, the Individual Defendants herein.

55.    The Entity Defendants share a common logo that appears on their website and storefronts.

56.    The Entity Defendants share a common website https://www.lucharitos.com/

57.    The entity Defendants advertise and market to clients together through their shared website and social media pages.

58.    The entity Defendants share the same menu.

59.    The Entity Defendants maintain centralized labor relations, human resources, payroll operations and employment policies.

60.    Upon information and belief, the entity Defendants all use the same employee manuals, and company letterhead.

61.    Upon information and belief, the Defendants interchange employees as needed to support business needs.

**Plaintiff's Employment with Defendants**

62.    At all times herein pertinent, and in the course of his duties, Plaintiff regularly handled products which had been moved in commerce, including, but not limited to, forks, knives, plates, various meats and vegetables, beer, liquor and wine.

63.    Plaintiff's primary duties did not include the exercise of discretion and independent judgment with respect to any matters of significance.

64.    Throughout his employment with the Defendants, Plaintiff worked for Defendants as a server and bartender. Throughout her employment, her job duties included, but are not limited to, waiting on customers, taking orders, making drinks as well as taking payment from Defendants' customers.

65.    Plaintiff was also required to perform a large amount of non-tipped tasks, commonly referred to as "side work". This side work would take over 2 hours per day and/or more than 20% of their shifts. Examples of this side work, include, but is not limited to:

    a.   Rolling silverware;
    b.   Set up to-go orders;
    c.   Check and clean bathrooms;
    d.   Restock cups;
    e.   Put away deliveries;
    f.   Refill ice;

12

  g. Sweep the floors;
  h. Wipe down tables; and
  i. Bag togo orders

66. Throughout her employment, Defendants required Plaintiff to work – and she did in fact work – Tuesdays from 11:00am until 10:00pm, Thursdays from 10:00am until 4:00pm; and Fridays from 10:30am until 10:30pm.

67. Along with the schedule outlined above, from June 1 through August 31, Defendants required Plaintiff to work – and she did in fact work – Wednesdays from 4:00pm until 10:00pm and Saturdays from 4:00pm until 11:00pm.

68. Further, Defendants required Plaintiff to work for forty-five minutes off the clock in order to complete the side work Defendants assigned to her.

69. Throughout her entire employment, Defendants paid Plaintiff $10.00 per work hour.

70. Throughout her entire employment, Defendants failed to compensate Plaintiff with the applicable minimum wage as required under the NYLL.

71. Throughout his employment, Plaintiff participated in a tip pooling system, which was administered by the Defendants. Plaintiff pooled her tips with other waiters, bartenders, and busboys.

72. While this was the theory under which tips were to be distributed to employees, Defendants also allowed managers who had meaningful authority over subordinates to participate in the tip pool.

73. Defendants also allowed kitchen staff to participate in the tip pool.

74. Throughout her entire employment, Defendants suffered or permitted Plaintiff to work over 10 hours per day.  During such workdays, Defendants failed to compensate Plaintiff for

any spread of hours pay at the prevailing minimum wage for each day during which there was a split shift, and/or the spread of hours exceeded 10 hours.

75.    Throughout Plaintiff's entire employment, Defendants failed to provide her with wage statements that properly reflected the amount of hours that she actually worked, her regular rate of pay, or her overtime rate of pay for each hour she worked in excess of forty hours in a given workweek.

76.    Defendants intentionally did not provide Plaintiff with a wage notice at the time of her hire, or at any time thereafter, containing any of the following information: his rates of pay and basis thereof; whether Plaintiff was paid by the hour, shift, day, week, salary, piece, commission, or other; whether any allowances were claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by Defendants; the name and physical addresses of Defendants; any "doing business as" names used by Defendants; and Defendants' mailing addresses and telephone numbers.

77.    Despite Plaintiff's repeated complaints about Defendants paying her improperly (i.e., not paying her overtime or other compensation due to her), Defendants willfully failed to pay her properly.  Indeed, they acted in the manner described herein so as to maximize their profits while minimizing their labor costs.

78.    Every hour that Plaintiff worked was for Defendants' benefit.

79.    Defendants treated all FLSA Plaintiffs and/or Rule 23 Plaintiffs in the manner described above.

**Defendants Retaliate Against the Plaintiff**

80.    Throughout her employment, Plaintiff complained verbally and in writing to Defendants about Defendants' tip sharing policy and their failure to pay overtime.

14

81.     Specifically, in March 2023, Plaintiff complained to Defendants about (1) their policy of paying the tipped minimum wage for non-tipped tasks; and (2) their requirement that tipped employees share their tips with members of management.

82.     In response to the above, Defendants stated that they were not required to pay the full minimum wage for non-tipped tasks. They further stated that she would be excluded from sharing her tips with management.

83.     Later that month, Defendants took away her very lucrative Friday night shift, removed her from the Defendants' group chats, and removed her from the internal system so she could not be scheduled.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime under the FLSA*

84.     Plaintiff and the FLSA Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

85.     Defendants were required to directly pay the Plaintiff and the FLSA Plaintiffs an overtime premium of one and one-half times their regular rate of pay for all hours worked over forty (40) in a given workweek.

86.     As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and the FLSA Plaintiffs are employees within the meaning of the FLSA.

87.     As also described above, Plaintiff and the FLSA Plaintiffs worked in excess of forty (40) hours per week, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

88.     The Defendants willfully violated the FLSA.

89.     As such, Plaintiff and the FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty (40) at the rate of one and one-half times their respective standard rate of pay.

90.     Plaintiff and the FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for the Defendants' violation of the FLSA's overtime provisions.

91.     All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

### *SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS*
*Unpaid Minimum Wage under the NYLL*

92.     The Plaintiff and Rule 23 Plaintiffs hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

93.     At all times herein pertinent, the Plaintiff and Rule 23 Plaintiffs were employees of Defendants within the meaning of the New York Labor Law.

94.     Defendants are employers of the Plaintiff and Rule 23 Plaintiffs within the meaning of the New York Labor Law.

95.     The minimum wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants.

96.     Defendants have failed to pay the Plaintiff and Rule 23 Plaintiffs the proper minimum wages to which they were entitled under the New York Labor Law.

97.     By Defendants' failure to pay the Plaintiff and Rule 23 Plaintiffs proper minimum wages for hours worked up to the first 40 hours per week, they have willfully violated the New York Labor Law Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

98.     Due to Defendants' violations of the New York Labor Law, Plaintiff and Rule 23 Plaintiffs are entitled to recover from Defendants their unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### *THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS*
*Unpaid Overtime under the NYLL*

99.     Plaintiff and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

100.    Defendants were required to directly pay the Plaintiff and Rule 23 Plaintiffs an overtime premium of one and one-half times their regular rate of pay for all hours worked over forty (40) in a given workweek.

101.    As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff and Rule 23 Plaintiffs are employees within the meaning of the NYLL.

102.    As also described above, Plaintiff and Rule 23 Plaintiffs worked in excess of forty (40) hours per week, yet Defendants failed to compensate them in accordance with the NYLL's overtime provisions.

103.    Due to Defendants' violations of the New York Labor Law, Plaintiff and Rule 23 Plaintiffs are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### *FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS*
*Failure to Pay Spread of Hours*

104.    The Plaintiff and Rule 23 Plaintiffs hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

105.    Defendants have willfully failed to pay Plaintiff and Rule 23 Plaintiffs additional compensation of one hour's pay at the basic minimum hourly wage rate for each day that the length of the interval between the beginning and end of their workday – including working time plus time off for meals plus intervals off duty - has been greater than 10 hours.

106.    Through their knowing or intentional failure to pay Plaintiff and Rule 23 Plaintiffs spread-of-hours pay, Defendants have willfully violated the NYLL, Article 19, § § 650 et seq., and the supporting New York State Department of Labor Regulations.

107.    Due to Defendants' violations of the NYLL, Plaintiff and Rule 23 Plaintiffs are entitled to recover from Defendants their unpaid spread-of-hours wages, liquidated damages, as provided for by the NYLL, reasonable attorneys' fees, costs, and prejudgment and post-judgment interest.

### *FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS*
*Tip Misappropriation*

108.    The Plaintiff and Rule 23 Plaintiffs hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

109.    At all times relevant, Plaintiff and the Rule 23 Class have been employees within the meaning of NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

110.    At all times relevant, each Defendant has been an employer of Plaintiff and the members of the Rule 23 Class within the meaning of the NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

111.    The wage payment provisions of Article 6 of the NYLL, and the supporting New York State Department of Labor Regulations, apply to Defendants, and protect Plaintiff and the members of the Rule 23 Class.

112.    Defendants have unlawfully demanded or accepted, directly or indirectly, part of the gratuities and/or service charges received by Plaintiffs and the members of the Rule 23 Class in violation of NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations.

113.    Defendants have unlawfully retained part of the gratuities and/or service charges earned by Plaintiffs and the members of the Rule 23 Class in violation of NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations.

114.    Defendants have unlawfully required Plaintiffs and the members of the Rule 23 Class to share part of the gratuities and/or service charges they received with employees other than servers, bussers, runners, bartenders, or similar employees, in violation of NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor regulations.

115.    Through their knowing or intentional demand for, acceptance of, and/or retention of gratuities and/or service charges received by Plaintiff and the member so the Rule 23 Class, Defendants have willfully violated the NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor regulations.

116.    Due to Defendants' willful violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants the value of all misappropriated gratuities and/or service charges, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Failure to Furnish Wage Statements in Violation of the NYLL*

117.    Plaintiff and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

118.    NYLL § 195(3) requires employers to furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to employees.

119.    As described above, the Defendants willfully failed to furnish Plaintiff and Rule 23 Plaintiffs with accurate wage statements containing the criteria required under the NYLL.

120.    Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to the Plaintiff and any FLSA Plaintiff who opts-in to this action for each workweek after the violation occurred, up to the statutory cap of $2,500.

121.    On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to the Plaintiff and any FLSA Plaintiff who opts-in to this action in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

## SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Failure to Furnish Proper Wage Notices in Violation of the NYLL*

122.    Plaintiff and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

123.    The NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

124.    Each Defendant is an employer within the meaning of the NYLL and the NYCCRR, while Plaintiff and Rule 23 Plaintiffs are employees within the meaning of the NYLL and the NYCCRR.

125.    Defendants willfully failed to provide Plaintiff and Rule 23 Plaintiffs with a wage notice containing the criteria enumerated under the NYLL.

126.    Pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts-in to this action in the amount of $50 for each workday after the violations initially occurred, up to a statutory cap of $5,000.

## EIGHTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Retaliation in Violation of the FLSA*

127.    Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

128.    29 U.S.C. § 215(a)(3) prohibits employers from discharging or in any other manner discriminating against an employee because such employee has filed any complaint relating to an employer's violation of the FLSA.

129.    As described above, Defendants are employers within the meaning of the FLSA while Plaintiff is an employee within the meaning of the FLSA.

130.    As also described above, Defendants retaliated against Plaintiff for engaging in protected activity under the FLSA.

131.    Due to Defendants' violation of the FLSA's anti-retaliation provisions, Plaintiff is entitled to compensatory damages, back pay, front pay, employee benefits Plaintiff would have otherwise received, damages for emotional pain, suffering, humiliation and embarrassment, punitive damages, liquidated damages, attorneys' fees, and costs.

## NINTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Retaliation in Violation of the NYLL*

132.    Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

133.    Section 215 of the NYLL prohibits employers from retaliating against an employee because an employee has made a complaint relating to improper payment of wages under the NYLL and/or for engaging in protected activity under the NYLL.

134.    As described above, Defendants are employers within the meaning of the NYLL while Plaintiff is an employee within the meaning of the NYLL.

135.    As also described above, Defendants retaliated against Plaintiff for engaging in protected activity under the NYLL.

136.    Due to Defendants' violation of the NYLL's anti-retaliation provisions, Plaintiff is entitled to compensatory damages, back pay, front pay, employee benefits Plaintiff would have otherwise received, damages for emotional pain, suffering, humiliation and embarrassment, punitive damages, liquidated damages, attorneys' fees, costs and interest as permitted by law.

137.    At or before the filing of this Complaint, Plaintiff has served notice of the action upon the Office of the New York State Attorney General.

## DEMAND FOR A JURY TRIAL

138.    Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against the Defendants as follows:

a.    A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b.      Preliminary and permanent injunctions against Defendants and their agents, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.      An order restraining Defendants from any retaliation against any individual for participating in any form in this lawsuit;

d.      Designation of this action as a FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e.      Certification of the claims brought in this case under the NYLL as a class action pursuant to FRCP 23;

f.      All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages, any short fall between wages paid and those due under the law that Plaintiff would have received but for the Defendants' unlawful payment practices, and any misappropriated tips;

g.      Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

h.      Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their costs and disbursements incurred regarding this action, including reasonable attorneys' fees, expert witness fees, and other costs;

i.      Designation of Plaintiff and his counsel as collective action representatives under the FLSA and the FRCP;

j. Designation of Plaintiff and their counsel as collective/class action representatives under the FLSA and the FRCP;

k. All damages recoverable due to Defendants' unlawful retaliatory conduct, including but not limited to any compensatory damages for back pay, front pay, employee benefits Plaintiff would have otherwise received, damages for emotional pain, suffering, humiliation and embarrassment, punitive damages, and liquidated damages;

l. Awarding punitive damages;

m. Pre-judgment and post-judgment interest, as provided by law;

n. Awarding such other and further relief as available under the statues; and

o. Granting Plaintiffs other and further relief as this Court finds necessary and proper.

Dated:  New York, New York
 May 19, 2023

Respectfully submitted,
LAW OFFICES OF WILLIAM CAFARO

_____

Amit Kumar, Esq.
*Attorneys for Plaintiff*
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400
AKumar@Cafaroesq.com